IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 3:09CR418-1-HEH |
| | ) |
| JOSEPH R. ROACH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Granting § 2255 Motion)**

Joseph R. Roach, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 97) arguing that his firearm convictions are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons discussed below, the § 2255 Motion will be granted.

## I. PROCEDURAL HISTORY

On January 19, 2010, a grand jury charged Roach in a nine count Superseding Indictment. The three counts relevant here are conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), ("conspiracy to commit Hobbs Act robbery") (Count One); possessing and brandishing a firearm in furtherance of a crime of violence, and aiding and abetting that offense, to wit, conspiracy to interfere with commerce by force, as charged in Count One; and interference with commerce by force ("Hobbs Act robbery"), as charged in Count Two (Count Three); and, a second count of possessing and brandishing a firearm in furtherance of a crime of violence, and aiding and abetting that offense, to wit, conspiracy to commit Hobbs Act robbery as charged in

Count One, and interference with commerce by force, as charged in Count Eight (Count Nine). (Super. Indictment 8–9, ECF No. 37.)[1]

On February 22, 2010, Roach pled guilty to Counts One, Three, and Nine. (ECF No. 45, at 1–2.) The Plea Agreement stated as follows:

> The defendant agrees to plead guilty to Counts One, Three, and Nine of the pending Superseding Indictment.
>     a.    Count One charges that the defendant did knowingly and unlawfully conspire with others the obstruct, delay, and affect commerce by robbery, in violation of Title 18 United States Code, Section 1951. . . .
>     b.    Count Three charges that the defendant, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit: *conspiracy to interfere with commerce by threats and violence*, did knowingly and unlawfully possess and brandish, firearms, in violation of Tile 18, United States Code, Section 924(c). . . .
>     c.    Count Nine charges that the defendant, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit: *conspiracy to interfere with commerce by threats and violence*, did knowingly and unlawfully possess and brandish, and did aid and abet, counsel, induce and cause to be possessed and brandished, firearms, in violation of Title 18, United States Code, Section 924(c).

(ECF No. 45, at 2–9 (emphasis added).) Critically, the Plea Agreement omitted the substantive Hobbs Act robbery crimes charged in Counts Two and Eight as predicates for the § 924(c) charges in Counts Three and Nine.

On June 3, 2010, the Court sentenced Roach to 70 months of incarceration on Count One, 84 months on Count Three, and 300 months of incarceration on Count Nine to be served consecutively. (J. 2, ECF No. 66.)

---

[1] Count One contained a series of "Overt Acts" that lists at least four separate robberies.

## II. ANALYSIS

In *Johnson v. United States* 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 2563.[2] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

In his § 2255 Motion, Roach asserts that after *Johnson*, conspiracy to commit Hobbs Act robbery can no longer qualify as crimes of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Counts Three and Nine must be vacated. As explained below, recent decisions from the Supreme Court and the Fourth Circuit support

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

3

Roach's challenge to Counts Three and Nine where his firearm conviction was predicated upon conspiracy to commit Hobbs Act robbery as stated in his Plea Agreement.

### A. Conspiracy to Commit Hobbs Act Robbery Cannot Serve as Valid Predicate Crimes of Violence for Counts Three and Nine

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Roach's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

(A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). The Fourth Circuit recently determined that conspiracy to commit Hobbs Act robbery fails to satisfy the Force Clause. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

5

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236; *accord Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

In the wake *Davis* and *Simms*, in other cases before this Court, the Government has conceded that "conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for [a] § 924(c) charge" and agreed to vacating the conviction and sentence. *United States v. Oliver*, No. 3:11CR63-HEH, 2019 WL 3453204, at *3 (E.D. Va. July 30, 2019). In the present case, the Government does not dispute that the conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crimes of violence for the § 924(c) charges in Counts Three and Nine. Nevertheless, the Government contends that Roach is not entitled to relief for several reasons explained in Part II.C below.

### B. The Government's Abandoned Statute of Limitations Argument

Initially, the Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations.[3] However, it appears that the

---

[3] Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. As pertinent here, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> . . . .
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

6

Government has abandoned this argument in its Supplemental Memorandum.[4] The Government's decision not to pursue this defense is wise because it seems that *Davis* announced a new rule of constitutional law retroactively applicable to cases on collateral review which would entitle Roach to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).[5] Because the Government has abandoned its statute of limitation argument, the Court will not address it further.

### C.  The Government's Arguments Against Granting Relief

The Government asserts that Roach is not entitled to relief because: (1) Counts Three and Nine are still predicated upon valid crimes of violence, the Hobbs Act robberies charged in Counts Two and Eight; (2) Roach's guilty plea waived a collateral attack based on *Johnson*; and, (3) Roach procedurally defaulted any challenge to his convictions based on *Johnson*. As explained below, these arguments lack merit.

---

28 U..C. § 2255(f).

[4] The Court granted a Motion to Suspend the Briefing Schedule based on several pending cases. When the Government eventually filed its Supplemental Memorandum, although it raised a number of procedural defenses, it did not renew the argument that the § 22255 Motion was barred by the statute of limitations.

[5] This provision delays the commencement of the limitation period until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court makes a case retroactive on collateral review through a single express holding or by multiple cases "if the holdings in those cases necessarily dictate the retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001). *Welch*, which held *Johnson* to be a new rule and retroactive, "logically permit[s] no other conclusion than that the rule [in *Davis*] is retroactive." *Id.* at 669 (O'Connor, J. concurring).

7

### 1. Counts Three and Nine are No Longer Predicated on Valid Crimes of Violence

Initially, the Government contends that Roach's § 924(c) convictions are still predicated upon a valid crime of violence, namely the Hobbs Act robberies charged in Counts Two and Eight. The Court agrees that Hobbs Act robbery still constitutes a valid crime of violence under the Force Clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). The Government, however, in drafting the Plea Agreement, chose to discard Hobbs Act robbery as crime of violence predicates for the § 924(c) charges in Count Three and Nine.

The Government persists that the it can still rely upon the Hobbs Act robbery because, "[b]oth the indictment and the statement of facts tie the § 924(c) counts to which defendant pled guilty to the substantive offenses of interference with commerce by robbery." (ECF No. 127, at 2.) The Government, however, fails to cite the Court to any authority whatsoever for the proposition that it can rely upon those references in documents outside the Plea Agreement to broaden the basis the Plea Agreement.[6] And,

---

[6] The limited authority the Court discovered on the subject rejects the Government's position. *See Benitez v. United States*, Nos. 16–cv–23974–UU, 13–cr–20606–UU, 2017 WL 2271504, at *5 (S.D. Fla. Apr. 6, 2017). In that case, the pertinent § 924(c) count in the Indictment (Count Four), listed multiple predicate crimes of violence and drug trafficking crimes. *Id.* The Government argued that "because the two drug offenses included in Count 4 of the indictment are unaffected by *Johnson*, Count 4 has not been invalidated and Movant was appropriately sentenced under § 924(c)." *Id.* The Court rejected this argument because in the
> plea agreement in this case, the United States explicitly agreed that Movant was pleading guilty to a violation of § 924(c) in furtherance of a crime of violence, not a drug trafficking crime. . . . The Government is bound by the language of the plea agreement. The Government cannot now claim that Movant pled guilty to § 924(c) in furtherance of both a crime of violence and a drug trafficking offense despite the fact that the plea agreement, plea colloquy, [] and Judgment and Conviction Order do not reflect that assertion in any way.

8

established principles regarding plea agreements do not favor the Government's argument. *See United States v. Jordan*, 509 F.3d 191, 196 (4th Cir. 2007) (noting that the Government is held "to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements." (quoting *United States v. Harvey*, 791 F.3d 294, 300 (4th Cir. 1986))); *United States v. Monroe*, 580 F.3d 552, 556 (7th Cir. 2009) (observing that courts "review the language of the plea agreement objectively and hold the government to the literal terms of the plea agreement" (quoting *United States v. Williams*, 102 F.3d 923, 927 (7th Cir. 1996))). Accordingly, on the merits, Roach has established that, as set forth in the Plea Agreement, his convictions for using, carrying, and brandishing a firearm in furtherance of a crime of violence were predicated solely on the conspiracy to commit Hobbs Act robbery charged in Count One. Under *Simms*, conspiracy to commit Hobbs Act robbery is not a viable crime of violence for a conviction under § 924(c). Thus, in the absence of any viable procedural defense, his convictions on Count Three and Nine must be vacated.

### 2. Roach's Guilty Plea did not Waive His Right to Bring His Current Challenge

The Government asserts that Roach's unconditional guilty plea waives the constitutional challenge he seeks to bring in his § 2255 Motion. The Supreme Court recently examined that issue and rejected the Government's assertion in *Class v. United*

---

*Id.* (footnote omitted) (citing *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996); *United States v. Jefferies*, 908 F.2d 1520, 1527 (11th Cir. 1990).

*States*, 138 S. Ct. 798 (2018).[7] In *Class*, the Supreme Court examined, "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal [and] h[e]ld that it does not." *Id.*, 138 S. Ct. at 803. Therefore, Roach's guilty plea itself does not foreclose Roach's current challenge to the constitutionality of the statute under which he was convicted.

Of course, as part of the plea bargaining process, "a criminal defendant may waive his right to attack his conviction and sentence collaterally [and on direct appeal], so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The Government, however, does not argue, and on this record, could not argue, that Roach explicitly waived his right to collaterally attack his conviction as part of the Plea Agreement.[8]

Even though Roach has not waived his current claim, there is one more significant hurdle to overcome. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" to excuse his procedural default. *Massaro v. United States*, 538 U.S. 500, 504, (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982); *Bousley v. United States*, 523 U.S. 614, 621-622 (1998)). Although Roach procedurally defaulted his present claim by failing to

---

[7] The Government cites *Davila v. United States*, 843 F.3d 729 (7th Cir. 2016) for the proposition that Roach's guilty plea prevents Roach from challenging his conviction as unconstitutional. *Davila* predates the Supreme Court's decision in *Class*. The Government fails to acknowledge *Class*, much less explain why that decision does not control the outcome here.

[8] As part of his Plea Agreement, Roach only agreed to waive "the right to appeal the conviction and any sentence imposed within the statutory maximum . . . on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement." (Plea Agreement ¶ 6, ECF No. 45.)

raise it at trial and on direct appeal, as explained below, Roach demonstrates cause and prejudice to excuse his default.

### 3. Roach Has Demonstrated Cause and Prejudice to Excuse His Procedural Default

A change in the law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In *Reed*, the Court identified three nonexclusive situations in which an attorney may lack a "reasonable basis" to raise a novel claim:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may "overtur[n] a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." And, finally, a decision may "disapprov[e] a practice this Court arguably has sanctioned in prior cases."

*Reed*, 468 U.S. at 17 (alterations in original) (internal citations omitted) (quoting *United States v. Johnson*, 457 U.S. 537, 551 (1982)).

Under *Reed*, Roach has shown cause for failing to assert a vagueness challenge to the Residual Clause of § 924(c) at trial or on direct appeal. The Court entered judgment on Roach's case on June 3, 2010. (ECF No. 66.) At that time the Supreme Court already had rejected a vagueness challenge to the ACCA's nearly identical Residual Clause in *James v. United States*, 550 U.S. 192 (2007). In 2011, the Supreme Court reaffirmed *James* in *Sykes v. United States*, 564 U.S. 1 (2011).

In 2015, in *Johnson*, the Supreme Court invalidated the ACCA's Residual Clause as unconstitutionally vague. "In doing so, the Supreme Court recognized it previously

11

had 'rejected suggestions by dissenting Justices that the residual clause violates the Constitution's prohibition of vague criminal laws' in *James* and *Sykes* and declared '[o]ur contrary holdings in *James* and *Sykes* are overruled.'" *Rose v. United States*, 738 F. App'x 617, 626 (11th Cir. 2018) (quoting *Johnson*, 135 S. Ct. at 2556, 2563). Thereafter, the rule in *Johnson* was made retroactive to cases on collateral review. *See Welch*, 136 S. Ct. at 1268.

If Roach were challenging ACCA's Residual Clause his "case [would] fall[] within the first situation identified in *Reed*: when the Supreme Court ultimately invalidated the residual clause as unconstitutionally vague in *Johnson* in 2015, it 'explicitly overrule[d]' two of its own precedents on the exact same issue." *Rose*, 738 F. App'x at 627 (third alteration in original) (quoting *Reed*, 468 U.S. at 17).

Nevertheless, given the similarity between the ACCA's Residual Clause and § 924(c)'s Residual Clause, Roach satisfies the third circumstance identified in *Reed*: the decision in *Johnson* disapproved "a practice [the Supreme] Court arguably has sanctioned in prior cases." *Reed*, 468 U.S. at 17 (quoting *Johnson*, 457 U.S. at 551). "[T]he Supreme Court's jurisprudence prior to *Johnson* effectively foreclosed any attacks on § 924(c)(3)(B). The Supreme Court's 'sanction of the prevailing practice' of concluding risk of force/injury statutes were not unconstitutional was fairly direct." *Lee v. United States*, Nos. CV-16-8138-PCT-JAT (JFM), CR-05-0594-PCT-JAT, 2018 WL 4906327, at *17 (D. Ariz. July 6, 2018), *report and recommendation adopted as modified sub nom. Lee v. USA*, Nos. CV-16-08138-PCT-JAT, CR-05-594-PCT-JAT, 2018 WL 4899567 (D. Ariz. Oct. 9, 2018) (citations omitted); *see Dota v. United States*, 368 F.

12

Supp. 3d 1354, 1362 (C.D. Cal. 2018) ("It was only after the Supreme Court invalidated the residual clause of the ACCA in *Johnson*, and certainly after the Supreme Court invalidated the identically worded residual clause of § 16(b), that Petitioner's current claim—that the residual clause of § 924(c)(3)(B) was unconstitutionally vague—lost its novelty."); *Royer v. United States*, 324 F. Supp. 3d 719, 736 (E.D. Va. 2018). Thus, in 2010, Roach did not have a "reasonable basis" upon which to raise a vagueness challenge to the Residual Clause of 924(c). *Reed*, 468 U.S. at 17. "And as a result, his failure to do so 'is sufficiently excusable to satisfy the cause requirement.'" *Rose*, 738 F. App'x at 627 (quoting *Reed*, 468 U.S. at 17).

In order to demonstrate prejudice, Roach must show a "reasonable probability" that, without the error, the result of the proceedings would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). It is now plain that the Court erroneously treated conspiracy to commit Hobbs Act robbery as a viable predicate for Roach's two § 924(c) convictions. That error added 384 months to Roach's sentence. Therefore, Roach has demonstrated prejudice. *Royer*, 324 F. Supp. 3d at 736.

Finally, the Government argues that if the Court concludes that Roach's § 924(c) convictions are invalid, "it should reform the convictions to that lesser-included offense" of Hobbs Act robbery and resentence him accordingly. (ECF No. 127, at 7–8.) The Court is not convinced that such a practice is authorized or appropriate. Moreover, as explained above, Roach's § 924(c) convictions were predicated upon conspiracy to commit Hobbs Act robbery. Roach already has been convicted and sentenced for conspiracy to commit Hobbs Act robbery. The Government fails to explain how the

Court could impose another sentence for that offense without running afoul of the Double Jeopardy Clause. Accordingly, the Court rejects the Government's request to reform Roach's convictions on Counts Three and Nine.

### D. Counts Three and Nine Must Be Vacated

In light of *Davis*'s invalidation of the Residual Clause and the Fourth Circuit's determination in *Simms* that conspiracy to commit Hobbs Act robbery is not a valid predicate violent felony under the Force Clause, Roach's convictions in Counts Three and Nine, and resulting 84-month and 300-month sentences are no longer valid. Accordingly, Roach's convictions on Counts Three and Nine will be vacated.

### III. CONCLUSION

The Government's Motion to Dismiss (ECF No. 105) will be denied. The § 2255 Motion (ECF No. 97) will be granted. Roach's convictions and sentences on Counts Three and Nine will be vacated. Within fourteen (14) days of the date of entry hereof, the parties shall file their position as to whether the Court needs to conduct a full resentencing or may simply enter a corrected judgment.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Sept 24, 2019
Richmond, Virginia